1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEGRATED PRACTICE SOLUTIONS, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>DEREK WILSON, an individual; FUTURE HEALTH ACQUISITION, INC., a South Dakota corporation; and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 13cv00088 BTM (WMC)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIONS** |

On May 24, 2013, the motion for a preliminary injunction by Plaintiff Integrated Practice Solutions, Inc. ("Plaintiff" or "IPS") (ECF No. 5) was taken under submission. Pursuant to the joint motion of Plaintiff and Defendant Future Health Acquisition, Inc. ("Future Health"), the motion was denied without prejudice as withdrawn solely as to Future Health.  (See ECF No. 37.)  The remaining defendant for the purposes of the motion, Derek Wilson, has not filed an opposition.  For the reasons below, Plaintiff's motion is hereby **GRANTED** as to Defendant Wilson.

## I.  BACKGROUND FACTS

IPS is a Washington corporation with its principal place of business in San Diego County, California.  IPS designs, sells, and services practice management computer software for chiropractors and other healthcare professionals, including features to aid with billing, scheduling patient visits, managing patient records, and tracking inventory.

At issue in this case is IPS' customer lists.  IPS maintains lists of current and prospective customers that it alleges would be extremely valuable to competitors.  One of the key ways in which it gathers information regarding potential customers is by inviting them to participate in a free demonstration of IPS's software and services.  Through the demonstration, IPS obtains their contact information.  IPS also gathers information about potential customers through referrals, trade organizations, and its website.

Defendant Derek Wilson worked for IPS as a Sales Representative and Vice President of Sales from approximately January 2010 to August 20, 2012.  Soon after leaving IPS, he began working for Future Health, a competitor of IPS.  IPS alleges that, according to a former employee of Future Health named David Fink, within a few days of starting at Future Health, Defendant Wilson said that he had found about 6,000 "leads" from trade shows since 2010 that had not yet been put into Future Health's database as potential customers.  Compl. ¶ 18.  Mr. Fink provided IPS with the list of 6,000 names.  IPS then ran a random test on 50 of the names to determine whether they were from IPS' Customer Lists.  IPS alleges that the 50 names "matched word-for-word the data IPS possessed in its Customer Lists,"  Compl. ¶ 24, and contained identical customer input dates and times as the Customer Lists.

IPS brought this suit on January 11, 2013, alleging the following causes of action: 1) breach of contract/specific performance; 2) breach of duty of loyalty; 3) misappropriation of trade secrets; and 4) violation of California Business & Professional Code § 17200 *et seq.* Notwithstanding the four separate causes of action, IPS's essential claim is that Defendant Wilson misappropriated its customer lists.

## II.  STANDARD

A plaintiff seeking a preliminary injunction or temporary restraining order must establish that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  Winter v. Natural Resources Defense Council, 555

1  U.S. 7, 129 S. Ct. 365, 374 (2008).

2       The Ninth Circuit has held that the "sliding scale" approach to preliminary injunctions

3  survives <u>Winter</u> when applied as part of the four-element <u>Winter</u> test.  <u>Alliance for the Wild</u>

4  <u>Rockies v. Cottrell</u>, 632 F.3d 1127, 1131 (9th Cir. 2011).  In other words, "serious questions

5  going to the merits and a balance of hardships that tips sharply towards the plaintiff can

6  support issuance of a preliminary injunction, so long as the plaintiff also shows that there is

7  a likelihood of irreparable injury and that the injunction is in the public interest." <u>Id.</u> at 1135.

8

9  **III.  <u>DISCUSSION</u>**

10       The Court finds that IPS is entitled to a preliminary injunction against Defendant

11  Wilson.  As discussed below, IPS has established that it is likely to succeed on the merits,

12  it is likely to suffer irreparable harm in the absence of preliminary relief, the balance of

13  equities tip in its favor, and an injunction is in the public interest.

14

15  <u>A.  The Merits</u>

16       Based on the evidence before the Court, it appears that IPS is likely to succeed on

17  the merits of its legal claims.  The essence of IPS's claims is that Wilson misappropriated

18  its customer lists and provided this proprietary information to its competitor, Future Health.

19  IPS has provided the Court with a copy of Wilson's non-disclosure agreement, <u>see</u> Ex. A to

20  Compl. (ECF No. 1-1), and has otherwise alleged sufficient facts to indicate that it is likely

21  that Wilson did in fact misappropriate IPS's customer lists.  <u>See</u> Cal. Civil Code § 3426.1(b)

22  (defining "misappropriation").  As Wilson has not filed any opposition despite having signed

23  declarations in this action acknowledging that he is a defendant (<u>see</u> ECF Nos. 12-2 & 20-1),

24  and because the customer lists appear to be protectable trade secrets under California Civil

25  Code § 3426.1(d), the Court concludes that IPS is likely to succeed on the merits of its

26  claims.

27

28  <u>B. Irreparable Harm</u>

Because IPS's ability to compete in the practice management software industry depends in large part on its marketing strategies and information gathered about current and potential customers, IPS would suffer irreparable harm if its customer lists were leaked to competitors.  Therefore, this element is met.

C.  Balance of Equities

The balance of equities tips sharply in IPS's favor.  In its motion for a preliminary injunction, IPS requests an injunction prohibiting Defendants Future Health and Wilson from soliciting any customers identified on the IPS customer lists and from accepting any business from customers whom they wrongly solicited from the IPS lists.  The motion has since been denied without prejudice as to Future Health by joint motion of the parties, and the Court finds that Defendant Wilson would not suffer any undue hardship by being prohibited from soliciting customers on IPS's customer lists.  The Court holds that this element is met.  Cf. Morlife, Inc. v. Perry, 56 Cal. App. 4th 1514, 1521 (1997) ("[W]here the employer has expended time and effort identifying customers with particular needs or characteristics, courts will prohibit former employees from using this information to capture a share of the market.").

D. Public Interest

The public interest weighs in favor of granting the injunction, as the public has an interest in protecting trade secrets and enforcing employment contracts so that business may compete fairly.  Accord Kewanee Oil Co. v. Bicron Corp., 416 U.S. 470, 483 (1974) ("[I]t is hard to see how the public would be benefited by disclosure of customer lists . . .; in fact, keeping such items secret encourages businesses to initiate new and individualized plans of operation, and constructive competition results.")  Therefore, this element also weighs in favor of granting the injunction.

//

//

1    The Court notes that Defendant Derek Wilson has submitted declarations contending

2    that, notwithstanding the fact that he is presently residing in Iowa with the intent to remain

3    there for three years, he is still a citizen of California.  These declarations were submitted

4    in support of Future Health's motion to dismiss for, *inter alia*, lack of complete diversity of the

5    parties.  Wilson has not moved to dismiss.  Because the record at this point demonstrates

6    a prima facie basis for concluding that Wilson is a citizen of Iowa, and discovery on

7    jurisdiction may be appropriate, the Court believes that delaying resolution of the motion for

8    a preliminary injunction, which was filed prior to Future Heath's motion to dismiss, would

9    create substantial prejudice to IPS.  Since there is a prima facie basis to conclude that

10   Wilson is a citizen of Iowa, the Court proceeds with resolution of the motion for a preliminary

11   injunction without prejudice to vacating the inunction should it turn out that there is not

12   complete diversity.

13   ## IV.  CONCLUSION

14   For the reasons above, Plaintiff IPS's motion for a preliminary injunction against

15   Defendant Wilson (ECF No. 5) is hereby **GRANTED**.

16   It is hereby **ORDERED** that, pending a further order of the Court, Defendant Derek

17   Wilson is prohibited from soliciting any customers identified on the IPS customer lists and

18   from accepting any business from customers whom he solicited from the IPS lists.  The

19   Court does not find that good cause exists to require Plaintiff to post a bond as there is no

20   evidence of any injury that may be incurred by Defendant Wilson.

21

22   **IT IS SO ORDERED.**

23   DATED:  May 31, 2013

24   BARRY TED MOSKOWITZ, Chief Judge

25   United States District Court

26

27

28