# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEGRATED PRACTICE SOLUTIONS, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>DEREK WILSON, an individual; FUTURE HEALTH ACQUISITION, INC., a South Dakota corporation; and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 13cv00088 BTM (WMC)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY** |

On February 25, 2013, Defendant Future Health Acquisition, Inc. ("Future Health") filed a motion to dismiss the action (ECF No. 12). Because Future Health's motion to dismiss is based in part on claims of lack of jurisdiction, Plaintiff Integrated Practice Solutions, Inc. ("Plaintiff" or "IPS") filed a motion for jurisdictional discovery on March 29, 2013 (ECF No. 19). In a notice filed *nunc pro tunc* to June 7, 2013, Defendant Derek Wilson joined Future Health's motion to dismiss (ECF No. 44). For the reasons below, Defendants' motion to dismiss is hereby **DENIED without prejudice** pending jurisdictional discovery. Further, Plaintiff's motion for jurisdictional discovery is hereby **GRANTED in part and DENIED in part**.

//
//
//

# I. BACKGROUND FACTS

IPS is a Washington corporation with its principal place of business in San Diego County, California. IPS designs, sells, and services practice management computer software for chiropractors and other healthcare professionals, including features to aid with billing, scheduling patient visits, managing patient records, and tracking inventory.

IPS maintains a list of current and prospective customers that it alleges would be extremely valuable to competitors. Defendant Derek Wilson worked for IPS as a Sales Representative and Vice President of Sales from approximately January 2010 to August 20, 2012. Soon after leaving IPS, he began working for Future Health, a competitor of IPS. IPS alleges that, according to a former employee of Future Health named David Fink, within a few days of starting at Future Health, Defendant Wilson said that he had found about 6,000 "leads" from trade shows since 2010 that had not yet been put into Future Health's database as potential customers. IPS alleges that these "leads" were in fact copied from IPS's customer list, which Defendant Wilson misappropriated.

IPS brought this suit on January 11, 2013 against Future Health and Wilson, alleging the following causes of action: 1) breach of contract/specific performance; 2) breach of duty of loyalty; 3) misappropriation of trade secrets; and 4) violation of California Business & Professional Code § 17200 *et seq.*

# II. DISCUSSION

Defendants move to dismiss for lack of personal jurisdiction, lack of subject-matter jurisdiction, and improper venue. In turn, Plaintiff moves for limited jurisdictional discovery as to: 1) whether this Court has personal jurisdiction over Future Health; and 2) whether Defendant Wilson's domicile is in California or Iowa, which would determine whether this Court has subject-matter jurisdiction. "'[D]iscovery should ordinarily be granted where pertinent facts bearing on the

question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" Laub v. U.S. Dep't of Interior, 342 F.3d 1080, 1093 (9th Cir. 2003) (quoting Butcher's Union Local No. 498 v. SDC Inv., Inc., 788 F.2d 535, 540 (9th Cir.1986). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, the plaintiff has the burden of establishing that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

A. Personal Jurisdiction

Future Health argues that the Court does not have personal jurisdiction over it because it does not have "minimum contacts" with California as required to comport with "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotations omitted).

There are two kinds of personal jurisdiction, general and specific. The Court has general jurisdiction over a nonresident defendant where the defendant has "substantial" or "continuous and systematic" contacts with the state, such that it may be haled into court in that state for any action without violating due process. See Hirsch v. Blue Cross, Blue Shield of Kansas City, 800 F.2d 1474, 1477 (9th Cir. 1986). However, "[t]he standard for establishing general jurisdiction is 'fairly high,' and requires that the defendant's contacts be of the sort that approximate physical presence." Bancroft & Masters, Inc. v. Augusta Nat. Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) (citation omitted).

Alternatively, specific jurisdiction exists where: (1) the non-resident defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privilege of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. Id. at 1086.

The Court holds that IPS has not alleged sufficient facts to indicate that Future Health has ties to California that rise to the level needed to establish general jurisdiction. A lone salesman – regardless of whether he may be considered an employee or independent contractor under the law – and the occasional trade show in California are a far cry from contacts "of the sort that approximate physical presence." See Congoleum Corp. v. DLW Aktiengesellschaft, 729 F.2d 1240, 1242 (9th Cir. 1984) ("[N]o court has ever held that the maintenance of even a substantial sales force within the state is a sufficient contact to assert jurisdiction in an unrelated cause of action.") Moreover, there is nothing to indicate that Future Health's website actually targets California residents. "The standard [for general jurisdiction] is met only by continuous corporate operations within a state that are thought so substantial and of such a nature as to justify suit against the defendant on causes of action arising from dealings entirely distinct from those activities." CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1074 (9th Cir. 2011) (citing King v. Am. Family Mut. Ins. Co., 632 F.3d 570, 579 (9th Cir. 2011) ) (internal quotations and alterations omitted). Since Plaintiff has failed to allege sufficient facts showing general jurisdiction, discovery is inappropriate.

As to whether the Court has specific jurisdiction over Future Health, that hinges on Future Health's involvement, or lack thereof, with the alleged actions of Defendant Wilson in misappropriating IPS's customer list. Misappropriation of trade secrets is an intentional tort. Thus, purposeful availment is analyzed under the "effects" test from Calder v. Jones, 465 U.S. 783 (1984). See Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002). Under that test, the defendant must be alleged to have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. Id.

Here, if Defendant Wilson did misappropriate the customer list and Future Health did somehow take advantage of that, then Future Health would have purposefully availed itself of doing activities in or directed towards California. It would have committed an intentional act, namely using IPS's customer list, an act

expressly aimed at California, since that is where IPS is based, knowing that IPS would likely suffer competitive harm as a result.

Plaintiff has offered correspondence from Future Health that implies that Future Health was aware that Defendant Wilson may have misappropriated IPS's customer list. See Mot. Prelim. Inj., Ex. E (ECF No. 5-11). The Court holds that Plaintiff has alleged sufficient facts to warrant limited discovery as to the specific issue of Future Health's knowledge of and possible ratification of Defendant Wilson's alleged misappropriation of IPS's customer list and therefore **GRANTS** Plaintiff's motion for jurisdictional discovery to that extent.

However, Plaintiff has requested "forensic computer discovery" in aid of determining whether Future Health had ratified Wilson's alleged misappropriation (see ECF No. 28 at 10), which the Court deems excessive and well beyond the bounds of the limited discovery appropriate here. Instead, the Court holds that Plaintiff may engage in the following jurisdictional discovery as to Future Health's involvement in the alleged misappropriation: (a) eight reasonably narrow document requests; (b) ten reasonably narrow interrogatories (no subparts will be allowed); (c) three depositions; and (d) no requests for admissions.

//
//
//

B. Subject-Matter Jurisdiction

IPS relied on the Court's diversity jurisdiction in filing this action. Diversity jurisdiction requires diversity of citizenship and an amount-in-controversy that exceeds $75,000. See 28 U.S.C. § 1332. Diversity of citizenship requires that each defendant be a citizen of a different state from each plaintiff. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978). Defendants argue that Defendant Wilson is in fact a citizen of California, not Iowa. If true, that would destroy diversity jurisdiction, since Plaintiff is a citizen of California.

In a motion to dismiss for lack of subject-matter jurisdiction under 12(b)(1), the defendant's challenge may either be facial or factual. See Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id. Here, Defendants' attack is clearly factual, since they argue that Defendant Wilson is a citizen of a different state than the one Plaintiff alleged.

An individual's citizenship is determined by his state of domicile, not his state of residence. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." Id. However, "domicile is evaluated in terms of 'objective facts,' and . . . 'statements of intent are entitled to little weight when in conflict with facts.'" Lew v. Moss, 797 F.2d 747, 750 (9th Cir. 1986) (quoting Freeman v. Northwest Acceptance Corp., 754 F.2d 553, 556 (5th Cir.1985)).

As the Court noted in its May 31, 2013 order (ECF No. 41), the current record demonstrates a prima facie basis for concluding that Wilson is a citizen of Iowa. Although Defendant Wilson submitted declarations in support of Defendants' motion to dismiss contending that he is still a citizen of California (see ECF Nos. 12-2 & 20-1), the facts on the record are ambiguous, and the Court must construe all factual allegations in the light most favorable to the plaintiff. While Defendant Wilson professes an intent to return to California after working for Future Health for three years, there is insufficient evidence on the record to support the conclusion that he will most likely to do so. Thus, the Court **GRANTS** Plaintiff's motion for jurisdictional discovery as to Defendant Wilson's domicile. Plaintiff may engage in the following jurisdictional discovery as to his domicile: (a) four reasonably narrow document requests; (b) the deposition of Defendant Wilson and two other persons; (c) five reasonably narrow interrogatories (no subparts will be allowed); and (d) no requests

for admissions.

The Court declines to address whether Defendant Wilson is a dispensable party since that issue does not need to be decided at this point. As to the Doe defendants, the Court agrees with Plaintiff that they are nominal parties that do not destroy diversity jurisdiction. See, e.g., McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987) (where Doe defendants served no other purpose than protecting plaintiff's rights under California pleading practice, it was proper for the district court to disregard them). See also Macheras v. Ctr. Art Galleries--Hawaii, Inc., 776 F. Supp. 1436, 1438 (D. Haw. 1991) (noting that the Ninth Circuit has found that Doe statutes are a part of the substantive state law to be applied in federal court when the court is sitting in diversity). The motion to dismiss for lack of diversity is **DENIED without prejudice**.

C. Venue

Venue is appropriate in any judicial district where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Because the initial alleged misappropriation of IPS's customer lists by Defendant Wilson is alleged to have taken place in the Southern District of California, this Court is a proper venue for this action. Therefore, the motion to dismiss for improper venue is **DENIED**.

//
//
//
//
//
//
//
//
//

## III. CONCLUSION

For the reasons above, the Court holds that Defendants' motion to dismiss (ECF No. 12) is hereby **DENIED without prejudice** pending jurisdictional discovery. The Court further holds that Plaintiff's motion for jurisdictional discovery (ECF No. 19) is hereby **GRANTED in part and DENIED in part**.

Solely as to Future Health's involvement in Defendant Wilson's alleged misappropriation of IPS's customer list, Plaintiffs may engage in the following jurisdictional discovery: (a) eight reasonably narrow document requests; (b) ten reasonably narrow interrogatories (no subparts will be allowed); (c) three depositions; and (4) no requests for admissions.

As to Defendant Wilson's domicile, Plaintiff may engage in the following jurisdictional discovery: (a) four reasonably narrow document requests; (b) the deposition of Defendant Wilson and two other persons; (c) five reasonably narrow interrogatories (no subparts will be allowed); and (d) no requests for admissions.

All of the above jurisdictional discovery must be completed by September 27, 2013. Defendants may then re-file any motion to dismiss.

**IT IS SO ORDERED.**

DATED: July 31, 2013

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court